IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

FILED
RICHARD W. HAGEL
CLERK OF COURT

| | | |
|---|---|---|
| ANDREW BROWN<br>4632 HILTON AVE APT 29<br>COLUMBUS, OH 43228 | : | Monday, January 12, 2026  JAN 13 2026 9:36 A |
| | : | |
| | : | CASE #: |
| PLAINTIFF | : | 2:26 CV 0041 |
| | : | |
| V. | : | JUDGE: JUDGE SARGUS |
| | : | |
| ASCENDIUM<br>38 BUTTONWOOD COURT<br>MADISON, WI 53718 | : | MAGISTRATE JUDGE DEAVERS |
| | : | |
| | : | <u>COMPLAINT FOR INJUNCTION,</u><br><u>RELIEF, AND STAY</u> |
| | : | |
| DEFENDANT | : | |

1. This complaint is regarding a federal question regarding the fair debt collection practices act (FDCPA) 15 U.S.C. § 1692 - 1692p. Using FDCPA you have to prove that the borrower owes for the debt. This is also true per the United States Education Department website on student loan debt.

2. Ascendium was founded in 1967, and it's headquarters is in Madison, WI. Ascendium funds federal student loans. Plaintiff has an account with the Defendant ending in 9095 (See Exhibit One) This account is for student loan debt while he was attending DeVry University. The debt was borrowed approximately during President George W Bush tenor. Plaintiff is about fair lending to people in need.

3. The Plaintiff is unable to pay for the debt he borrowed from Ascendium. The Plaintiff considers the Ascendium debt invalid debt. The amount of debt the Defendant is requesting

from the Plaintiff is wrong. The Plaintiff doesn't think the Defendant can prove he owes for the debt under FDCPA.

4. The Plaintiff is requesting a injunction from Ascendium regarding his account as he doesn't owe for that debt the debt is false. The Plaintiff is requesting relief from the Ascendium debt. The Plaintiff is requesting a temporary stay in the debt collection of this debt until this court determines that he owes for this debt from Ascendium.

5. The Plaintiff wants to use his affirmative defenses under Civ. Rule 12(B). The Defendant can not prove that the Plaintiff owes for this debt, and requests this court grant his request for injunction, relief, and stay from the debt until ruling.

6. The Plaintiff bears the burden of proving lost profits to a reasonable certainty. [Beverly Hills Concepts, Inc. v. Schatz and Schatz, Ribicoff and Kotkin., Supreme Court of Connecticut, 1998, 247 Conn. 48, 717 A.2d 724] The Defendant can not prove that the Plaintiff owes for the student loan debt. Plaintiff requests this court grant his complaint for injunction, relief, and temporary stay from the debt until ruling.

7. The Defendant might be able to do a tax return offset on the Plaintiff's tax returns at the state, and federal levels. The Defendant might be able to garish the Plaintiff wages. This will create a hardship for the Plaintiff. This is the rational for the temporary stay from the debt. Plaintiff requests this court grant his temporary stay from the debt until the party can determine who owes for the debt.

8. Plaintiff also has a learning disability which gives him special protections in legal matters. Plaintiff's attorney Neil Siegel explained that. Plaintiff requests this court grant his complaint for injunction, relief, and temporary stay from the debt until ruling.

2

9. Defendant has put a large amount of offsets through the legal system AKA a file factory. Plaintiff requests this court grant his complaint for injunction, relief, and temporary stay from the debt until ruling.

10. In addition to proving that the borrower owes for the debt the Defendant has to prove the Plaintiff can legally pay for the debt as well. The Defendant is unable to prove it is legal for the Plaintiff to pay for this debt. Plaintiff requests this court grant his complaint for injunction, relief, and temporary stay from the debt until ruling.

11. The Plaintiff has to disclose information regarding his account, and his credit. The Depositor takes the risk, in revealing his affairs to another, that the information will be conveyed by that person to the Government….[T]he Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed. Id. At 443 (citations omitted) [United States v. Miller, 425 U.S. 435 (1976)]

12. Plaintiff is in the major leagues. Plaintiff requests this court grant his complaint for injunction, relief, and temporary stay from the debt until ruling.

13. Defendant isn't reading the Plaintiff's responses on why the debt is invalid. Plaintiff has mailed letters to the Defendant on June 17th, June 30th, August 26th explaining the debt is invalid. That is credit discrimination. Plaintiff requests this court grant his complaint for injunction, relief, and temporary stay from the debt until ruling.

14. Plaintiff's skull was injured on the debt collection from Ascendium on April 9th 2024. The Plaintiff considers the Defendant the tortfeasor. Plaintiff's skull the top of his right ear was

3

injured a thin skull injury. (SIC) [Yahoo! Inc., et al v. La Ligue Contre Le, et al, vol. 01-17424 (9th Cir. 2006)] [McCahill v. New York Transportation Co., 94 N.E. 616 (N.Y. 1911)] The injury occurred in his hotel room Meliá Jardim Europa in São Paulo, Brazil. Plaintiff requests this court grant his complaint for injunction, relief, and temporary stay from the debt until ruling.

15. It is considered Chinese Debt if you have to have a court review the debt per the Chinese consulate in New York City. The Chinese said they will take of the debt if you have a court review it. (SIC) Plaintiff requests this court grant his complaint for injunction, relief, and temporary stay from the debt until ruling.

16. Plaintiff considers the contract with him and Ascendium vague, and requests this court review his debt. Plaintiff requests this court grant his complaint for injunction, relief, and temporary stay from the debt until ruling.

17. Plaintiff filed a complaint with the consumer financial protection bureau (CFPB) complaint number: 251216-26907736 regarding the Ascendium debt. Plaintiff filed a complaint with the Ohio Attorney General's (AG) office complaint # 1456794557. The AG office explained to the Plaintiff that the Defendant will not work with the Ohio AG office.

18. Plaintiff request this court squash, and vacate his student loan debt. Plaintiff requests this court grant his complaint for injunction, relief, and temporary stay from the debt until ruling.

19. Plaintiff requests other relief this court deems lawful.

4

Andrew M. Brown
4632 Hilton Ave. Apt 29
Columbus, OH 43228
1614.385.0074
Comput1212b@hotmail.com

 **Ascendium·** *Elevating opportunity*
PO Box 7859
Madison, WI 53707-7859

01/08/2026

 Exhibit one

MDG2026 00023433 01

#TOP65
ANDREW BROWN
4632 HILTON AVE
APT 29
COLUMBUS, OH 43228-1885

 RECEIVED JAN 1 2 2026 BY: AB

## LOAN STATEMENT

RE: Student Loan - Account Number: ████9095

ASCENDIUM EDUCATION SOLUTIONS, INC. (ASCENDIUM), acting as a guarantor on behalf of the U.S. Department of Education (ED), holds a claim against you for the following defaulted student loan(s) which it intends to collect by Treasury offset. ASCENDIUM may have already referred for offset some of the loan(s) listed here, as explained in prior notices of proposed offset action. ASCENDIUM will request the Treasury Department to offset this loan debt against all payment streams authorized by law, either currently or in the future. These payment streams may include (but are not limited to) Federal and/or State tax refunds, Social Security Benefits, and/or Federal travel reimbursements. These payment streams may be payments which you are entitled to receive either now or in the future. Please read the attached Notice of Proposed Treasury Offset which describes your rights and the manner in which you must exercise them to avoid offset. ASCENDIUM will use the procedures described in the notice for objections to any of the offsets described here. Any in-person hearings will be held in MADISON, WI (See enclosed Notice)

ASCENDIUM's records show the following information on this loan(s). Additional information on this loan(s) may be found in records maintained by ASCENDIUM. See the enclosed Notice for instructions on how to request additional information on this loan(s). Note: balances shown on this notice are as of 01/08/2026, and include balances for loan number(s) 01, 02.

**Total Principal and Interest Owed through Date of Loan Statement:  $22,773.69***
**Amount ASCENDIUM Intends to Offset:        $22,773.69****
*This amount does not include collection costs and other fees for which you may be responsible.
**ASCENDIUM will include in the amount to be collected by offset interest that accrues on this debt, fees that Treasury charges for processing the offset(s), and any amount that is refunded after the date of this notice.

**To avoid certification of this debt to Treasury and subsequent seizure of any Federal and/or State payments you are entitled to, you must either send the balance indicated above, or establish a satisfactory rehabilitation or repayment arrangement, and send the first agreed upon payment, within 65 days from the date of this letter.** You can enter into an arrangement and make payments online at https://defaultloanhelp.com. If you do not enter into an arrangement timely, eligible payments will be offset by the federal government.

<u>CONTACT INFORMATION</u>: Send any request for documents, for a review of objections, or for a hearing via email to <u>offset@ascendiumeducation.org</u> or in writing to:

Ascendium Education Solutions, Inc.
Attention: Treasury Offset
PO Box 7859
Madison, WI 53707-7859

Make a Payment or setup an arrangement online at <u>https://defaultloanhelp.com</u>.



000000 01 04 0023433 085410 P