**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW BROWN, | ) | Case No. 2:26-cv-00041-EAS-EPD |
| | ) | |
| | ) | Judge Edmund A. Sargus |
| Plaintiff, | ) | |
| | ) | Magistrate Judge |
| vs. | ) | Elizabeth A. Preston Deavers |
| | ) | |
| ASCENDIUM, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ASCENDIUM EDUCATION SOLUTIONS, INC.'S**
**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY**
**STAY OF DEBT**

### I.      INTRODUCTION

Plaintiff's Motion for Temporary Stay of Debt, like his Complaint, fails to provide any factual or legal basis for the relief he requests. Plaintiff's Motion appears to ask the Court to stay the Plaintiff's debt until there "has been a trial" or "a ruling has been made regarding the debt." *See* ECF No. 7. Thus, Plaintiff's Motion seems to be asking the Court to issue a preliminary injunction. It is well-settled that preliminary injunctive relief "is an ***extraordinary*** remedy which should be granted only if circumstances clearly demand it." *Pasquinelli v. Huntington Bancshares*, No. 3:10-cv-200, 2010 U.S. Dist. LEXIS 164378, at *4, 14 (S.D. Ohio June 8, 2010). Courts have held that a Plaintiff seeking a preliminary injunction has a "heavy burden of demonstrating [their] entitlement to a preliminary injunction" and that any such request must be accompanied by evidentiary support. *Id.* at *4, 13. Here, Plaintiff has not included any evidence in support of his Motion and has not provided any factual or legal basis that would warrant this Court issuing the extraordinary remedy of preliminary injunctive relief.

1

As discussed further below, Courts consider four factors when deciding whether to issue preliminary injunctive relief and Plaintiff has failed to meet his burden of establishing any one of those four factors. Additionally, as discussed below and in Defendant Ascendium Education Solutions, Inc.'s ("Defendant" or "Ascendium")[1] Motion to Dismiss, Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act ("FDCPA") and injunctive relief is not an available remedy under the FDCPA. Ascendium does truly want the Plaintiff to get to a good place with his student loans, but this lawsuit and Plaintiff's Motion simply are not the way to do that. Plaintiff's Motion must be denied.

## II.    BACKGROUND

Ascendium is a federal student loan guarantor on behalf of the U.S. Department of Education for some of the Plaintiff's student loans. *See* Compl., ECF No. 1 ¶ 2.; *see also* Exh. 1 to Compl., ECF No. 1 at PageID #6. In this capacity, Ascendium serves as a federal fiduciary and is subject to the Higher Education Act and related Department of Education regulations and guidance. Plaintiff defaulted on the loans Ascendium guarantees, and Ascendium sent Plaintiff correspondence regarding the loans, including a letter dated January 8, 2026 that it is legally required to send. *See* Exh. 1 to Compl., ECF No. 1 at PageID #6. On January 13, 2026, Plaintiff filed a *pro se* Complaint under the FDCPA against Ascendium requesting an "injunction, relief, and stay from the debt." Compl., ECF No. 1 ¶ 1, 5, 18. Plaintiff's Complaint states that he "is unable to pay for the debt he borrowed" and that Plaintiff considers the "debt invalid debt." *Id.* ¶ 3. However, Plaintiff's Complaint does not include any factual explanation as to why he believes "the debt is false." *Id.* ¶¶ 3, 4.

---

[1] Plaintiff's Complaint refers to Defendant as just "Ascendium." However, Ascendium Education Solutions, Inc. is the Defendant's full name.

4899-9511-5664, v.6

On February 4, 2026, Ascendium filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. *See* Mot. To Dismiss, ECF No. 4. In its Motion, Ascendium explained that Plaintiff has not set forth a viable FDCPA claim and, even if he had, the FDCPA would not provide a way for Plaintiff to get his student loans discharged. *Id.* After receiving Ascendium's Motion to Dismiss, on February 9, 2026, Plaintiff filed a Motion for Temporary Stay of Debt asking the Court to "independently consider this motion" and to "stay the debt . . . through trial." *See* ECF No. 7.

## III. ARGUMENT

Although not labeled as such, Plaintiff's Motion for Temporary Stay of Debt appears essentially to be a motion for a preliminary injunction because Plaintiff seems to be asking the Court to stay the Plaintiff's debt until there "has been a trial" or "a ruling has been made regarding the debt." *See* ECF No. 7. Courts have made clear that a Plaintiff seeking a preliminary injunction "bears the ***heavy burden*** of demonstrating [their] entitlement to a preliminary injunction." *Pasquinelli v. Huntington Bancshares*, No. 3:10-cv-200, 2010 U.S. Dist. LEXIS 164378, at *4 (S.D. Ohio June 8, 2010) (emphasis added). As the Sixth Circuit has explained "[a] preliminary injunction is an ***extraordinary remedy*** which should be granted ***only*** if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (emphasis added); *see also Pasquinelli*, 2010 U.S. Dist. LEXIS 164378, at *14 ("A temporary injunction is an ***extraordinary*** remedy which should be granted only if circumstances clearly demand it.").

In determining whether to grant injunctive relief, this Court must weigh four factors:

1. whether the moving party has shown a strong likelihood of success on the merits;

2. whether the moving party will suffer irreparable harm if the injunction is not issued;

3. whether the issuance of the injunction would cause substantial harm to others; and

3

4. whether the public interest would be served by issuing the injunction.

*Pasquinelli*, 2010 U.S. Dist. LEXIS 164378, at *4. "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Here, Plaintiff has failed to meet his heavy burden of demonstrating that these factors collectively, or even any of one of the factors individually, weigh in favor of the Court issuing the extraordinary remedy of a preliminary injunction.

**A.  Plaintiff has not shown a strong likelihood of success on the merits.**

Plaintiff has not demonstrated the strong likelihood of success on the merits that is required for a plaintiff to obtain a preliminary injunction. Courts within this Circuit have made clear that plaintiffs seeking a preliminary injunction must provide more than vague and conclusory allegations to demonstrate their likelihood of success on the merits. For example, in *Dorsey v. Wilmington Savs. Fund Soc.*, the Court held that "Plaintiffs have not shown any reasonable likelihood of success on the merits, let alone a strong likelihood of success" where "[a]s with their complaint, Plaintiffs attached no evidence whatsoever in support of their factual contentions or their claims." No. 24-10325, 2024 U.S. Dist. LEXIS 73916, at *4–5 (E.D. Mich. Feb. 28, 2024). The court reasoned that the plaintiffs' "factual assertions and legal conclusions [were] vague and wholly unsupported by any evidence" and therefore insufficient to establish a likelihood of success on the merits. *Id.* at *6; *see also Metropolitan Life Ins. Co. v. Bentley*, No. 14-14939, 2015 U.S. Dist. LEXIS 3525, at *5 (E.D. Mich. Jan. 13, 2015) ("But once again, this conclusory claim, without more, will not support the issuance of a TRO.").

Here, like in *Dorsey*, Plaintiff did not include in either his Complaint or Motion for Temporary Stay of Debt any evidentiary support or anything more than vague and unsupported

4

conclusory allegations. Plaintiff's Motion does not include any factual or legal basis for the requested stay. For example, Plaintiff's Motion does not claim that there were any issues with Ascendium's responses to Plaintiff's prior debt substantiation requests. Plaintiff's Motion, like his Complaint, simply reiterates that "he doesn't owe for" the debt but fails to provide any explanation or evidentiary support as to why Plaintiff believes he does not owe for the debt or anything wrong with the information Ascendium provided to substantiate the debt. *See* ECF No. 7. Such conclusory allegations are insufficient to demonstrate a strong likelihood of success on the merits.

In contrast, Ascendium's Motion to Dismiss explains in great detail why Plaintiff's Complaint fails to state a claim upon which relief can be granted and has no likelihood of success on the merits. *See* Mot. to Dismiss, ECF No. 4. Ascendium explained in its Motion to Dismiss that Plaintiff has not set forth a viable FDCPA claim and, even if he had, the FDCPA would not provide a way for Plaintiff to get his student loans stayed or discharged. *Id.* Specifically, Ascendium's Motion sets forth at least four reasons why Plaintiff's Complaint fails to state a viable claim:

1. It is well-settled that Federal Family Education Loan Program ("FFELP") guaranty agencies like Ascendium fall within a fiduciary exception to the FDCPA when acting pursuant to their role as federal fiduciaries. *Id.* at PageID # 16–21.

2. Even if the FDCPA did apply to Ascendium (which it does not), Plaintiff's Complaint must be dismissed because Plaintiff fails to plausibly allege that Ascendium violated the FDCPA or any other law. *Id.* at PageID # 21–24.

3. Plaintiff seeks injunctive and declaratory relief, which is not an available remedy under the FDCPA. *Id.* at PageID # 24–26.

4. To the extent Plaintiff's Complaint is premised on any conduct that occurred more than a year before Plaintiff filed his Complaint, such claims are barred by the FDCPA's one-year statute of limitations. *Id.* at PageID # 26.

Thus, there are multiple independent reasons that Plaintiff is unlikely to succeed on the merits in this case. Particularly relevant here, since Plaintiff's Motion for Temporary Stay of Debt seeks injunctive relief, is the fact that injunctive relief is not an available remedy under the FDCPA. *Id.*

5

at PageID # 21–24; *see also Kafele v. Lerner Sampson & Rothfuss, L.P.A.*, 62 F.App'x 584, 585 (6th Cir. 2003) (holding that the district court did not err in denying the plaintiff preliminary injunctive relief because injunctive relief "is not available under the FDCPA"). Therefore, Plaintiff has not carried his heavy burden of demonstrating a strong likelihood of success on the merits and Plaintiff's Motion for a Temporary Stay of Debt must be denied.

### B. Plaintiff has not established any irreparable harm.

Plaintiff's Motion does not demonstrate any irreparable harm. To establish an "alleged irreparable harm, the movant ***must provide*** record evidence, such as facts and affidavits, from which the court can make specific findings." *Pasquinelli*, 2010 U.S. Dist. LEXIS 164378, at *13 (citing *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987)) (emphasis added). Additionally, "it is well-settled that 'a plaintiff's harm is not irreparable if it is fully compensable by money damages.'" *Id.* (citing *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992)); *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).

Here, Plaintiff has not provided any evidence, such as facts and affidavits, from which the Court can make specific findings of irreparable harm. Plaintiff's Motion vaguely states that "[p]er the Plaintiff as a party it will look better if we stay the debt until this debt has been to trial, and a ruling has been made regarding the debt" and that "[g]ranting the stay will relieve any burden on the party." ECF No. 7 at ¶ 5. However, Plaintiff's Motion does not explain what burden he will face or if or how he will be harmed absent a stay. Even if it did, as explained above and in Ascendium's Motion to Dismiss, Plaintiff's only remedy under the FDCPA is for money damages and not for injunctive relief. *See* Mot. to Dismiss, ECF No. 4 at PageID # 24–26.

6

Plaintiff's failure is particularly striking here given the possibility, which Ascendium has informed him of, of pursuing a Borrower Defense to Repayment discharge with the Department of Education given the school he took out loans to attend.[2]  Also, though any decision would ultimately rest with the Department of Education, Plaintiff's statements about his injuries suggest that he could also consider pursuing a Total and Permanent Disability Discharge.[3]  Those statutorily and regulatorily established discharge options would be the proper vehicles for Plaintiff to get his student loans discharged—not this FDCPA claim or temporary stay request.

Therefore, Plaintiff has not established any irreparable harm and Plaintiff's Motion must be denied.

### C.  Plaintiff has not demonstrated that the issuance of an injunction would not cause substantial harm to others.

Plaintiff has not shown that issuing a preliminary injunction would not cause substantial harm to others. Courts have found that granting temporary injunctive relief would harm a defendant when "it would impose on [a defendant] obligations unwarranted by the present factual record." *Staffeld v. Wells Fargo Bank, N.A.*, No. 24-12811, 2025 U.S. Dist. LEXIS 191891, at *11–12 (E.D. Mich. Aug. 11, 2025). As set forth above and in Ascendium's Motion to Dismiss, imposing a stay of collection activities on Ascendium would impose on Ascendium obligations unwarranted by the present factual record. Perhaps even more, an injunction would impose a burden on the federal government given Ascendium's role as a federal guarantor and fiduciary that is conducting outreach that is legally required under the Higher Education Act and related Department of Education regulations and guidance, with the aim of protecting the federal

---

[2] *See* https://mohela.studentaid.gov/DL/resourceCenter/BorrowerDefense.aspx (last visited Feb. 26, 2026).
[3] *See* https://studentaid.gov/articles/tpd/ (last visited Feb. 26, 2026).

4899-9511-5664, v.6

government and taxpayers from the ultimate risk of an unresolved default.  Therefore, this factor also weighs in favor of denying Plaintiff's Motion.

> **D.** **Plaintiff has not established that the public interest would be served by issuing the injunction.**

Plaintiff has not demonstrated that the public interest would be served by issuing a preliminary injunction in this case. Courts have found that it would not serve the public interest to grant injunctions to parties who have not "established [their] entitlement to that relief under the salient facts and law." *Staffeld.*, Civil Action N 2025 U.S. Dist. LEXIS 191891, at *12 ("granting the requested injunctive relief would not be in the public interest because the public benefits from granting the type of extraordinary relief requested by the [plaintiffs] only when the requesting party has established its entitlement to that relief under the salient facts and law"). For example, in *Dorsey*, a court within this Circuit explained that this factor weighs in favor of denying a plaintiff's motion for temporary injunctive relief because "the public is not served by such an order where Plaintiffs have done so little to establish their entitlement to the requested injunctive relief." 2024 U.S. Dist. LEXIS 73916, at *7. The court reasoned that it would not serve the public interest for the Court to issue an unsupported injunction because "[a]s the moving party, Plaintiffs were required to address all four factors for injunctive relief 'with some degree of clarity and thoroughness'" and the Plaintiffs failed to do so in that case. *Id.* at *8.

Here, like in *Staffeld* and *Dorsey*, Plaintiff has failed to establish entitlement to injunctive relief under the salient facts and law and failed to address the four factors for injunctive relief. Plaintiff's Motion does not include any evidentiary support or any factual or legal support beyond vague, conclusory allegations. Like the courts in *Staffeld* and *Dorsey* found, it would not serve the public interest to issue an unsupported injunction in this case. The lack of public interest is perhaps even stronger here given Ascendium's role as a federal guarantor and fiduciary.  Ultimately, the

8

4899-9511-5664, v.6

Plaintiff is seeking to block activities that are legally required under the Higher Education Act and related Department of Education regulations and guidelines, all with the aim of protecting the federal government and taxpayers from the risk of unresolved defaults.  Plaintiff's Motion must be denied.

## IV.    CONCLUSION

Plaintiff has failed to meet his heavy burden of establishing that any one of the four factors courts consider when deciding whether to issue a preliminary injunction weigh in favor of issuing such an extraordinary remedy in this case. For the many reasons set forth above, Ascendium respectfully requests that this Court deny Plaintiff's Motion for Temporary Stay of Debt.

Respectfully submitted,

/s/ *Gretchen L. Whaling*
Jason J. Blake (0087692)
Gretchen L. Whaling (0096780)
CALFEE, HALTER & GRISWOLD LLP
1200 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone:  (614) 621-1500
Facsimile:  (614) 621-0010
jblake@calfee.com
gwhaling@calfee.com

*Attorneys for Defendant Ascendium Education Solutions, Inc.*

9

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on February 27, 2026, a copy of the foregoing was filed with the Court via the Court's electronic filing system. On February 27, 2026, a copy of the foregoing was also mailed and emailed to Plaintiff at:

Andrew M. Brown
4632 Hilton Ave. Apt. 29
Columbus, OH 43228
Comput1212b@hotmail.com

*/s/  Gretchen L. Whaling*
*One of the Attorneys for Defendant Ascendium*
*Education Solutions, Inc.*

10

4899-9511-5664, v.6