**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW BROWN, | ) | Case No. 2:26-cv-00041-EAS-EPD |
| | ) | |
| | ) | Judge Edmund A. Sargus |
| Plaintiff, | ) | |
| | ) | Magistrate Judge |
| vs. | ) | Elizabeth A. Preston Deavers |
| | ) | |
| ASCENDIUM, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ASCENDIUM EDUCATION SOLUTIONS, INC.'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.      INTRODUCTION**

Plaintiff's Memorandum in Opposition to Defendant Ascendium Education Solutions, Inc.'s ("Ascendium's") Motion to Dismiss, like the Complaint, continues to make unsupported conclusory allegations that are insufficient to support a plausible claim under the Fair Debt Collection Practices Act ("FDCPA") or any other law. In contrast, Ascendium's Motion to Dismiss explains in great detail why Plaintiff's Complaint fails to state a claim upon which relief can be granted. *See* Mot. to Dismiss, ECF No. 4. Specifically, Ascendium's Motion sets forth at least four reasons why Plaintiff's Complaint fails to state a viable claim:

1. It is well-settled that Federal Family Education Loan Program ("FFELP") guaranty agencies like Ascendium fall within a fiduciary exception to the FDCPA when acting pursuant to their role as federal fiduciaries. *Id.* at PageID # 16–21.

2. Even if the FDCPA did apply to Ascendium (which it does not), Plaintiff's Complaint must be dismissed because Plaintiff fails to plausibly allege that Ascendium violated the FDCPA or any other law. *Id.* at PageID # 21–24.

3. Plaintiff seeks injunctive and declaratory relief, which is not an available remedy under the FDCPA. *Id.* at PageID # 24–26.

1

4915-0371-8547, v.4

4.  To the extent Plaintiff's Complaint is premised on any conduct that occurred more than a year before Plaintiff filed his Complaint, such claims are barred by the FDCPA's one-year statute of limitations. *Id.* at PageID # 26.

Thus, there are multiple independent reasons that Plaintiff's Complaint must be dismissed—and Plaintiff's Opposition does not viably refute any of them.

## II.    ARGUMENT

### A. Plaintiff does not rebut Ascendium's argument that his Complaint fails as a matter of law because the FDCPA does not apply to Ascendium.

Plaintiff brings his Complaint under the FDCPA, but it is well-settled that the FDCPA does not apply to Federal Family Education Loan Program ("FFELP") guaranty agencies like Ascendium acting in their role as federal fiduciaries. ECF No. 4 at PageID # 16–21. As Ascendium explained in its Motion to Dismiss, FFELP guaranty agencies like Ascendium serve as fiduciaries to the federal government, and numerous courts have held that the FDCPA does not apply to the guaranty agency's collection activities done incidentally to those fiduciary obligations. *Id.* Ascendium cited several cases in support of this argument, and Plaintiff failed to address or refute any of them. *Id.* Instead, Plaintiff makes conclusory and unsupported arguments as to why he believes the fiduciary exception to the FDCPA does not apply to Ascendium, all of which lack merit.

#### 1.  Plaintiff's vague reference to the Department of Education website does not override established case law that the FDCPA does not apply to guaranty agencies acting as federal fiduciaries.

Plaintiff vaguely claims that the "FDCPA does apply to the Defendant per the Department of Education (DOE) website on student loan debt default." Pl Mem. In Opp., ECF No. 10 at PageID # 41. A statement on a DOE website could never establish the FDCPA's applicability—the DOE does not administer the FDCPA and, in any event, it is the purview of courts to interpret laws. *Dunkin v. Secy. of Health & Human Servs.*, No. C-1-85-1801, 1987 U.S. Dist. LEXIS 14799, at

*10 (S.D. Ohio June 24, 1987) ("[I]t is the province and duty of the courts to say what the law is."). Tellingly, however, Plaintiff does not identify or cite to any such website or provide a copy of any such website to support his statement. *See* ECF No. 10 at PageID # 41.

### 2. The cases Plaintiff cites seemingly to refute established law that the FDCPA does not apply are inapposite.

The cases Plaintiff cites do not have any perceptible bearing on whether the FDCPA applies to Ascendium. *See id.* at PageID # 41–43.  One is a case between Internet service provider Yahoo and two French companies,[1] one is a Fourth Amendment case,[2] one involved a failed fitness company's legal malpractice claim against a law firm,[3] and one involved a Petition for Domestic Violence Civil Protection Order in a divorce proceeding.[4] None of these in any way involves Ascendium, the DOE, student loans, loans, or the FDCPA.  Plaintiff, for his part, does not offer anything by way of explanation how they could possibly apply.

Beyond these cases, Plaintiff tries countering Ascendium's citations by vaguely stating that "[t]he decisions that the Defendant uses are bad." ECF No. 10 at PageID # 42. It is unclear, however, what cases Plaintiff is referring to, and even if that could be discerned (in a way that did not involve reiterating everything Ascendium has cited in all its filings), Plaintiff does not explain in any way why he believes any of the case law that Ascendium has cited is somehow "bad." *Id.*

### 3. Plaintiff does not provide anything that could possibly controvert the fact that Ascendium has only acted in connection to Plaintiff's loans pursuant to its fiduciary role as a guaranty agency.

---

[1] *See* ECF No. 10 at PageID # 41-42 (citing *Yahoo! Inc., et al v. La Ligue Centre Le, et al*, vol. 01-17424 (9th Cir. 2006) (which seems to be referring to *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199 (9th Cir.2006), a case that "Yahoo!, an American Internet service provider, brought" against two French companies "seeking a declaratory judgment that two interim orders by a French court are unrecognizable and unenforceable.").

[2] *See* ECF No. 10 at PageID # 43 (citing *United States v. Miller*, 425 U.S. 435 (1976)).

[3] *See* ECF No. 10 at PageID # 41 (citing *Beverly Hills Concepts, Inc. v. Schatz & Schatz, Ribicoff & Kotkin*, 247 Conn. 48, 717 A.2d 724 (Sup. Ct. Conn. 1998)).

[4] ECF No. 10 at PageID # 42 (citing *Watts v. Watts*, 2014-Ohio-1901).

3

Plaintiff attaches a single exhibit to his Complaint, a January 8, 2026 notice that Plaintiff alleges he received from Ascendium. *See* Exh. 1 to Compl., ECF No. 1, PageID # 6. Plaintiff suggests, without any further explanation, that this notice somehow shows that Ascendium is a debt collector under the FDCPA. ECF No. 10 at PageID # 42 ¶ 11. He does not address the fact that his sole exhibit explicitly states that Ascendium is "acting as a guarantor on behalf of the U.S. Department of Education." Exh. 1 to Compl., ECF No. 1, PageID # 6. Moreover, he does not provide any contrary citations or legal basis to refute the clear legal basis Ascendium provided in its Motion to Dismiss for why it sent the notice in its role as a guaranty agency.

As Ascendium explained in its Motion to Dismiss, all Plaintiff's allegations involve acts it would have performed (if at all) incidentally to its role as a federal fiduciary and guaranty agency. *See* ECF No. 4 at PageID # 16–21. Among other things, Ascendium referenced the Office of Federal Student Aid (an office of the U.S. Department of Education)'s website that lists Ascendium as a guaranty agency. *Id.* at PageID # 17. Ascendium also cited the Higher Education Act and related Department of Education regulations and guidance establishing federal guarantors' role and responsibilities. *See id.* at PageID # 17–19; *see also* 20 U.S.C. § 1071 *et seq.*; 34 CFR § 682.400 *et seq.* ("Administration of the Federal Family Education Loan Programs by a Guaranty Agency"). Additionally, Ascendium specifically explained that it was legally required to send to all newly-defaulted borrowers the January 8, 2026 notice that Plaintiff attached as the single exhibit to his Complaint. *See* Exh. 1 to Compl., ECF No. 1, PageID # 6; *see also* ECF No. 4, PageID #19.

The DOE regulation Ascendium cited (34 CFR § 682.410(b)(6)(ii)(iii)(iv) & (v)) proscribes in detail the timing and contents of the notice guaranty agencies are required to send newly-defaulted borrowers. It also conditions certain activities—including credit reporting,

4

involuntary wage garnishment, and the assessment of collection costs—on the notice being sent. Significant here, in addition to requiring guaranty agencies to inform newly-defaulted borrowers about the fact and potential consequences of their default, guaranty agencies are required to inform borrowers in the notice about their opportunity "to inspect and copy agency records pertaining to the loan obligation" and "opportunity for an administrative review of the legal enforceability of the past-due status of the loan obligation." 34 CFR §682.410(b)(5)(ii)(B)&(C). The notice then starts the clock on a 60-day window for borrowers to substantiate their debt or work out an acceptable repayment arrangement before activities like credit reporting and involuntary collections begin. *See* 34 CFR § 682.410(b)(2)(i) (collection costs); (b)(5)(i) (credit reporting); (b)(6)(ii) (collection activities). Therefore, it cannot be disputed that Ascendium sent the notice in its capacity as a guarantor and federal fiduciary. Accordingly, Ascendium's activities were "incidental to its fiduciary obligations" and the FDCPA does not apply.

    **4. Plaintiff's unsupported contention that his loan is a private loan because he went to a private school contradicts uncontroverted law and fact.**

Plaintiff further seems to claim that the fiduciary exception does not apply to Ascendium because the debt Ascendium guaranteed should be treated as "private debt" since he used it to attend a private school. ECF No. 10 at PageID # 41-43, ¶ 4, 14. Plaintiff again does not provide any support for this statement. *Id.* Plaintiff's newfound contention that the debt is private debt contradicts his own Complaint. *See* Compl., ECF No. 1, ¶ 2 (alleging that "Ascendium funds federal student loans" and that "Plaintiff has an account with" Ascendium). More significantly, Plaintiff's newfound claim contradicts the law—including the Higher Education Act and related Department of Education regulations and guidance, all of which make it clear that FFELP loans

4915-0371-8547, v.4

could be made to both public and private institutions. *See, e.g.,* 20 U.S.C. §§ 1001, 1002, 1078(a)(1), 1085.

Ultimately, the fact that Plaintiff used the federal student loans to attend a private university does not make the loans private loans. Whether loans are considered federal or private student loans depends on the lender and loan program, not the public or private status of the school the debtor attended. *See* The Office of Federal Student Aid, https://studentaid.gov/understand-aid/types/loans/federal-vs-private (explaining that federal student loans are "loans funded by the federal government" and private student loans are loans "made by a lender such as a bank, credit union, state agency or a school."). Therefore, Plaintiff's attempt to suggest that the FDCPA applies to Ascendium based on his belief that the loans are "private debt" because he used the loans to attend a private university lacks any merit and must be rejected.

### B. Even if the FDCPA did apply to Ascendium (which it does not), Plaintiff's Complaint must be dismissed because Plaintiff fails to plausibly allege that Ascendium violated the FDCPA.

Plaintiff's Complaint does not plausibly allege any violation of the FDCPA or any other law. Plaintiff's Complaint does not allege that Ascendium violated any particular section of the FDCPA or that Ascendium engaged in any particular actions that would violate the FDCPA, other than vaguely alleging that he "considers the Ascendium debt invalid debt." *See* Compl., ECF No. 1, ¶ 3. As Ascendium explained in its Motion to Dismiss, courts have held that conclusory allegations, like the Plaintiff's, that a defendant violated the FDCPA because the plaintiff does not owe the debt are insufficient to state a claim under the FDCPA. ECF No. 4 at PageID # 21–24. Ascendium cited multiple cases in support of this proposition, and Plaintiff failed to address or refute any one of them. Instead, Plaintiff's Opposition continues to make unsupported conclusory statements that he believes that the debt is "squashed" or not "true."

Plaintiff's Opposition claims that the debt is not "true" but like his Complaint, Plaintiff's Opposition does not provide any support or explanation for why he believes the debt is not "true" and does not claim that there were any issues with Ascendium's responses to Plaintiff's prior debt substantiation requests or suggest that he availed himself of the right to an administrative review set forth in the notice he attached as Exhibit 1 to his Complaint and is discussed more in Section I.A.3 above. *See* ECF No. 10.

Plaintiff cannot plausibly allege, as he does in his Opposition, that the debt is not "true." Mr. Brown's student loans that Ascendium serves as the guaranty agency for are reflected in the U.S. Department of Education's National Student Loan Data System ("NSLDS"), which is the "national database of information about loans and grants awarded to students." *See* National Student Loan Data System, https://fsapartners.ed.gov/financial-aid-delivery/nslds. "NSLDS provides a centralized, integrated view of federal student aid loans and grants that are tracked through their entire lifecycle from aid approval through disbursement and repayment (if applicable)." *Id.* A copy of a printout of Mr. Brown's NSLDS Loan Summary is attached hereto as Exhibit A and shows on pages three and four the details of the two defaulted student loans for which Ascendium serves as the guaranty agency (Loan Nos. 18 & 19). *See* Exhibit A at p. 3-4.[5] The Court can consider this printout of Mr. Brown's NSLDS Loan Summary without converting Ascendium's Motion to Dismiss into a Motion for Summary Judgment because the NSLDS is a public record of the U.S. Department of Education and Mr. Brown's loans are referred to in his Complaint and central to the claims contained in his Complaint. *See Arnold v. Liberty Mut. Ins.*

---

[5] Mr. Brown's personal identifying information (e.g., SSN & DOB) as well as details regarding Mr. Brown's student loans that Ascendium does not serve as the guaranty agency for have been redacted from Exhibit A for confidentiality purposes. If the Court would like to see an unredacted version of Exhibit A, then Defendant would be happy to provide it to the Court for review.

7

*Co.*, 392 F. Supp. 3d 747, 764 (E.D. Ky. 2019) ("[T]he Sixth Circuit has weighed in . . . and expressly noted that courts may consider not only exhibits attached to the complaint without converting a 12(c) motion into a motion for summary judgment, but also 'public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein.'" (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

Plaintiff's Opposition also inexplicably contends that the debt "was squashed shortly after [Ascendium] filed [its Motion to Dismiss] on February 4th." ECF No. 10 at PageID # 40, ¶ 3.[6] Plaintiff's contention seems at odds with his continued pursuit of injunctive relief and, if true, would seem to render moot his request for the court to "squash, and vacate his student loan debt." Even if Plaintiff's seemingly inconsistent positions can be reconciled however, again, Plaintiff does not provide any support for that statement or any explanation as to why he believes the debt was somehow "squashed" after Ascendium filed its Motion to Dismiss.[7] As several courts have concluded, such conclusory allegations are insufficient to state a claim under the FDCPA. *See* ECF No. 4 at PageID # 21–24. Moreover, Plaintiff's Opposition, like his Complaint, continues to fail to point to any particular section of the FDCPA that Ascendium allegedly violated and fails to

---

[6] Though it is not clear, Plaintiff may be referring to the Department of Education's January 16, 2026 announcement that it was temporarily suspending involuntary collections. *See* U.S. Department of Education, *U.S. Department of Education Delays Involuntary Collections Amid Ongoing Student Loan Repayment Improvements*, https://www.ed.gov/about/news/press-release/us-department-of-education-delays-involuntary-collections-amid-ongoing-student-loan-repayment-improvements. But this DOE-initiated action is only a delay in involuntary collections for federal loans.

[7] The single case that Plaintiff cites to ostensibly support his belief that the debt is squashed and invalid does not provide any such support and is a case that does not even involve loans, student loans, or the FDCPA. ECF No. 10 at PageID # 41, ¶ 3 (citing *Beverly Hills Concepts, Inc. v. Schatz and Schatz, Ribicoffand Kotkin.*, Supreme Court of Connecticut, 1998, 247 Conn. 48, 717A. 2d 724 (a case in which the principal issue considered by the court was "the proper method for calculating damages for the destruction of a nascent business.")).

4915-0371-8547, v.4

point to any particular actions by Ascendium that would violate the FDCPA. Therefore, Plaintiff has failed to state any plausible claim under the FDCPA and his Complaint should be dismissed.[8]

Additionally, to the extent Plaintiff's Complaint alleges an FDCPA or tort claim against Ascendium for an alleged skull injury that he incurred in a hotel room in Brazil several years ago, such claim also must be dismissed for failure to state a plausible claim. As Ascendium explained in its Motion to Dismiss, the Complaint does not include any factual basis or explanation as to how Ascendium, which is merely the guarantor on behalf of the DOE of some of Plaintiff's student loans, could in any way be connected to an alleged skull injury that Plaintiff allegedly received several years ago in Brazil. *See* ECF No. 4 at PageID # 24. Plaintiff's Opposition continues to merely make a vague and unsupported allegation that "Defendant is the tortfeasor for the Plaintiff's thin skull injury" without any support or explanation for how Defendant could have entered the Plaintiff's hotel room in another country years ago and injured the Plaintiff. *See* ECF No. 10. The two cases Plaintiff cites to purportedly provide support for such puzzling allegations—the *Yahoo Inc!* case noted above and a case about a Petition for Domestic Violence Civil Protection Order in a divorce proceeding (*Watts v. Watts*, 2014-Ohio-190)—provide no such support. ECF No. 10 at PageID # 42, ¶ 9. Without any factual basis or explanation to in any way connect Ascendium to Plaintiff's alleged skull injury, Plaintiff's allegations do not provide a basis for his Complaint to survive.

    **C. Plaintiff does not dispute that his Complaint seeks injunctive and declaratory relief, which is not an available remedy under the FDCPA.**

---

[8] Plaintiff's Opposition also vaguely argues that Ascendium is somehow "running Exaxto aka the Exacto knife" and that "[i]f the party is on the Exacto this debt is squashed." ECF No. 10 at PageID # 42, ¶ 10. Plaintiff does not provide any support for such a statement and it is not clear what Plaintiff is referring to here, but regardless such allegations are outside of the Complaint and such allegations do not provide any plausible basis for an FDCPA claim against Ascendium.

4915-0371-8547, v.4

Plaintiff asks this Court to "squash, and vacate his student loan debt," which Ascendium explained in its Motion to Dismiss is not an available remedy under the FDCPA. *See* ECF No. 4 at PageID # 24–26 (explaining how case law within this Circuit and across several other Circuits has held that injunctive and declaratory relief is not an available remedy under the FDCPA). Plaintiff does not address Ascendium's pointing out of this fatal flaw with his Complaint in his Opposition. ECF No. 10. Plaintiff instead just persists in asking this court again in his Opposition to "vacate the debt for the Plaintiff." *Id.* at ¶ 18. Plaintiff's requested remedy is not available under the FDCPA and nothing in Plaintiff's Opposition refutes this point. Accordingly, Plaintiff's Complaint must be dismissed.

## D. Plaintiff does not dispute that Plaintiff's FDCPA claim is barred to the extent it alleges any violations prior to a year before the Complaint was filed.

Ascendium explained in its Motion to Dismiss that to the extent Plaintiff's Complaint is premised on any conduct that occurred more than a year before Plaintiff filed his Complaint, such claims are barred by the FDCPA's one-year statute of limitations. ECF No. 4 at PageID # 26. Plaintiff does not dispute this in his Opposition. Therefore, to the extent any of Plaintiff's Complaint is premised on any conduct that occurred before January 13, 2025 (i.e., one year prior to the filing of this lawsuit which occurred on January 13, 2026), such as Plaintiff's allegation that his skull was inexplicably injured "on the debt collection from Ascendium on April 9, 2024," such claims must be dismissed as time-barred.

## III. CONCLUSION

For the many reasons set forth above and in Ascendium's Motion to Dismiss, Ascendium respectfully requests that this Court grant Ascendium's Motion. This case should be dismissed. Nothing in Plaintiff's Memorandum in Opposition warrants a different conclusion.

4915-0371-8547, v.4

Respectfully submitted,

/s/   *Gretchen L. Whaling*
Jason J. Blake (0087692)
Gretchen L. Whaling (0096780)
CALFEE, HALTER & GRISWOLD LLP
1200 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone:  (614) 621-1500
Facsimile:  (614) 621-0010
jblake@calfee.com
gwhaling@calfee.com

*Attorneys for Defendant Ascendium Education*
*Solutions, Inc.*

11

4915-0371-8547, v.4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 9, 2026, a copy of the foregoing was filed with the Court via the Court's electronic filing system. On March 9, 2026, a copy of the foregoing was also mailed and emailed to Plaintiff at:

Andrew M. Brown
4632 Hilton Ave. Apt. 29
Columbus, OH 43228
Comput1212b@hotmail.com

*/s/  Gretchen L. Whaling*
*One of the Attorneys for Defendant Ascendium*
*Education Solutions, Inc.*

12

4915-0371-8547, v.4