**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW BROWN, | ) | Case No. 2:26-cv-00041-EAS-EPD |
| | ) | |
| | ) | Judge Edmund A. Sargus |
| Plaintiff, | ) | |
| | ) | Magistrate Judge |
| vs. | ) | Elizabeth A. Preston Deavers |
| | ) | |
| ASCENDIUM, | ) | |
| | ) | |
| Defendant. | ) | |

**RULE 26(f) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held via phone on Friday March 6, 2026 and was attended by:

Andrew M. Brown, Plaintiff,

Gretchen L. Whaling, counsel for Defendant Ascendium Education Solutions, Inc.[1],

Mr. Brown and Counsel for Ascendium represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1.     CONSENT TO MAGISTRATE JUDGE

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

_____Yes     __X__No

2.     INITIAL DISCLOSURES

Have the parties agreed to make initial disclosures?

__X__Yes     _____No     _____The proceeding is exempt under Rule 26(a)(1)(B)

If yes, such initial disclosures shall be made _within 30 days after the Court rules on Defendant's Motion to Dismiss _____.

---

[1] Plaintiff's Complaint refers to Defendant as just "Ascendium." However, Ascendium Education Solutions, Inc. is the Defendant's full name.

1

3.      VENUE AND JURISDICTION

Are there any contested issues related to venue or jurisdiction?

_____Yes      ___X____No

If yes, describe the issue:

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by
_____.

4.      PARTIES AND PLEADINGS

a   The parties agree that any motion or stipulation to amend the pleadings or to join

additional parties shall be filed by___March 13, 2026_____.

b   If the case is a class action, the parties agree that the motion for class certification shall
be filed by_____.

5   MOTIONS

a   Are there any pending motion(s)?

_X___Yes      _____No

If yes, indicate which party filed the motion(s), and identify the motion(s) by name and
docket number:

Defendant Ascendium Education Solution, Inc.'s Motion to Dismiss Plaintiff's
Complaint (ECF No. 4)
- Plaintiff's Opposition to the Defendant's Motion to Dismiss (ECF No. 10)
- Defendant Ascendium Education Solutions, Inc.'s Reply in Support of Motion to
Dismiss Plaintiff's Complaint (ECF No. 12)

Plaintiff's Motion for Temporary Stay of Debt (ECF No. 7)
- Defendant Ascendium Education Solutions, Inc.'s Memorandum in Opposition
to Plaintiff's Motion for Temporary Stay of Debt (ECF No. 11)

b.  Are the parties requesting expedited briefing on the pending motion(s)?

_____Yes      __X___No

2

If yes, identify the proposed expedited schedule:

Opposition to be filed by_____; Reply brief to be filed by_____.

6.      ISSUES

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

**Defendant's Description of Case:**

Plaintiff Andrew Brown ("Plaintiff" or "Mr. Brown") has Federal Family Education Loan Program ("FFELP") student loans that Defendant Ascendium Education Solutions, Inc. ("Defendant" or "Ascendium") guarantees. *See* Compl., ECF No. 1 ¶ 2; *see also* Exh. 1 to Compl., ECF No. 1 at PageID #6. Plaintiff filed this lawsuit against Ascendium under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA") seeking an "injunction, relief, and stay from the debt." Compl., ECF No. 1 ¶ 1, 5, 18. Plaintiff's Complaint states that he "is unable to pay for the debt he borrowed" and that Plaintiff considers the "debt invalid debt." *Id.* ¶ 3. Ascendium then filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. *See* Mot. To Dismiss, ECF No. 4. Specifically, Ascendium's Motion sets forth four reasons why Ascendium believes Plaintiff's Complaint must be dismissed: (1) Federal Family Education Loan Program ("FFELP") guaranty agencies like Ascendium fall within a fiduciary exception to the FDCPA; (2) Plaintiff's Complaint fails to plausibly allege that Ascendium violated the FDCPA or any other law; (3) Plaintiff's Complaint seeks injunctive and declaratory relief, which is not an available remedy under the FDCPA; and (4) to the extent Plaintiff's Complaint is premised on any conduct that occurred more than a year before Plaintiff filed his Complaint, such claims are barred by the FDCPA's one-year statute of limitations.

**Plaintiff's Description of Case:**

Plaintiff's is put in a federal question with this court on the validly of the student loan debt with the Defendant using FDCPA. (See ECF No. 1) Plaintiff considers the debt false with the Defendant. Defendant has to prove the Plaintiff owes for the debt per the Department of Education. Plaintiff has requested this court injunction the debt with the Defendant, relief, and a stay from the debt. Defendant injured the Plaintiff an intentional thin skull injury on it's debt collection practices. (See ECF No. 1) The Plaintiff's thin skull injury falls within the statue. Because of this thin skull injury the Plaintiff considers the debt false.  There is a private relationship with the Defendant & Plaintiff which squashed the guaranty excuse. (ECF No. 10) This debt has been squashed by this court. No matter the actions taken by the Defendant the debt has been squashed. Plaintiff has worked for twenty-five years. Plaintiff is allowed relief based off the thin skull injury to him by the Defendant. The Defendant didn't have a entry at the time to enter the Plaintiff's hotel room in São Paulo thus allowing the Plaintiff relief. The Department of Education has placed a stay on student loan debt in January Plaintiff is unsure as to why this court wouldn't grant his stay. (ECF No. 7) Defendant has little or no burden on it's

3

lost profits regarding the squashing of the Plaintiff's debt. Plaintiff requests this court Deny the Defendant's pleadings. (ECF No's. 4 & 11)

There has been no jury demand in this case.

7. DISCOVERY PROCEDURES

a. The parties agree that all discovery shall be completed by six months after the Court rules on the pending Motion to Dismiss. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call -in number.

b. Do the parties anticipate the production of ESI?__X____Yes_____No

If yes, describe the protocol for such production:

Email and document production to be produced in formats to be discussed and agreed upon between the parties.

c. Do the parties intend to seek a protective order or clawback agreement?

If yes, such order or agreement shall be produced to the Court within 30 days after the Court rules on Defendant's Motion to Dismiss.

8. DISPOSITIVE MOTIONS

a. Any dispositive motions shall be filed by 9 months after the Court rules on Defendant's Motion to Dismiss.

b. Are the parties requesting expedited briefing on dispositive motions?

_____Yes        __X___No

If yes, identify the proposed expedited schedule:

Opposition to be filed by_____; Reply brief to be filed by_____.

9. <u>EXPERT TESTIMONY</u>

    a. Primary expert reports must be produced by <u>7 months after the Court rules on Defendant's Motion to Dismiss</u>.

    b. Rebuttal expert reports must be produced by <u>8 months after the Court rules on Defendant's Motion to Dismiss</u>.

10. <u>SETTLEMENT</u>

Plaintiff(s) will a make a settlement demand by <u>April 10, 2026</u>.    Defendant will respond by <u>April 24, 2026</u>. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement conferences throughout the year. The parties request the following month and year:

<u> May, 2026</u>

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

11. <u>RULE 16 PRETRIAL CONFERENCE</u>

Do the parties request a scheduling conference?

     Yes, the parties would like a conference with the Court prior to it issuing a scheduling order. The parties request that the conference take place       in chambers    by telephone.

 X   No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

12. <u>OTHER MATTERS</u>

Indicate any other matters for the Court's consideration:

As set forth above, in the interest of conserving judicial and party resources, the parties are requesting that many of the deadlines set forth above be scheduled for a time period after the Court rules on Defendant's Motion to Dismiss. If the Court prefers that a Motion to Stay the Case pending the Court's ruling on Defendant's Motion to Dismiss be filed, then Ascendium would be happy to file such a motion.

Signatures:

Plaintiff:
/s/Andrew M. Brown
Andrew M. Brown
4632 Hilton Ave. Apt. 29
Columbus, OH 43228
Comput1212b@hotmail.com

Attorneys for Defendant Ascendium Education Solutions, Inc. :

/s/ _Gretchen L. Whaling_____
Jason J. Blake (0087692)
Gretchen L. Whaling (0096780)
CALFEE, HALTER & GRISWOLD LLP
1200 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone:  (614) 621-1500
Facsimile:  (614) 621-0010
jblake@calfee.com
gwhaling@calfee.com

*Attorneys for Defendant Ascendium Education Solutions, Inc.*

Date: March 16, 2026