**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ANDREW BROWN,**

**Plaintiff,**

**v.**

**ASCENDIUM,**

**Defendant.**

**Case Number 2:26-cv-41**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge S. Courter M. Shimeall**

## OPINION AND ORDER

This matter is before the Court on Defendant Ascendium Education Solutions, Inc.'s ("Ascendium") Motion to Dismiss *pro se* Plaintiff Andrew Brown's Complaint for failure to state a claim upon which relief can be granted. (ECF No. 4.) Mr. Brown filed a response in opposition (ECF No. 10), and Ascendium replied (ECF No. 12). For the reasons stated below, the Court **GRANTS** the Motion to Dismiss. (ECF No. 4.)

## BACKGROUND

This case arises out of Mr. Brown's Federal Family Education Loan Program ("FFELP") student loans that are guaranteed by Ascendium. (Compl., ECF No. 1, ¶ 2; Mot., ECF No. 4, PageID 13.) Mr. Brown, whose loans are in default, alleges that Ascendium violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. (Compl., ¶¶ 1–3.)

On January 8, 2026, Ascendium sent Mr. Brown a notice stating that, "acting as a guarantor on behalf of the U.S. Department of Education," it holds a claim against Mr. Brown for his defaulted student loans, which it "intends to collect by Treasury offset." (Compl., Ex. 1, PageID 6.) It explained that it will "request the Treasury Department to offset this loan debt

against all payment streams authorized by law" including federal and/or state tax refunds, social security benefits, and/or federal travel reimbursements. (*Id.*)

Mr. Brown filed this lawsuit alleging that the debt is invalid, the amount Ascendium is requesting from him is incorrect, and Ascendium is unable to prove that Mr. Brown owes for the debt under the FDCPA. (*Id.* ¶ 3.) Additionally, Mr. Brown alleges that his "skull was injured on the debt collection from Ascendium" in Brazil in April 2024, for which he considers Ascendium the "tortfeasor." (*Id.* ¶ 14.) Mr. Brown seeks injunctive relief vacating his debt and temporarily staying debt collection during the pendency of this action. (*Id.* ¶ 18.)

Ascendium filed a Motion to Dismiss Mr. Brown's Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4.) Mr. Brown filed a response in opposition (ECF No. 10), and Ascendium filed a reply (ECF No. 12). Mr. Brown subsequently filed a Motion for Temporary Stay of Debt (ECF No. 7), to which Ascendium responded in opposition (ECF No. 11).

## LEGAL STANDARD

To state a claim upon which relief can be granted, a plaintiff must satisfy the pleading requirements set forth in Federal Rule of Civil Procedure 8(a), which requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (clarifying the plausibility standard from *Twombly*, 550

U.S. at 556). Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, '[the court is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

*Pro se* filings are to be held to less stringent standards and should be construed liberally. *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Even so, "a *pro se* pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

**ANALYSIS**

Ascendium argues that Mr. Brown's Complaint should be dismissed for four reasons: (1) FFELP guaranty agencies like Ascendium fall within an exception to the FDCPA, (2) even if the FDCPA did apply, Mr. Brown fails to plausibly allege an FDCPA claim, (3) injunctive and declaratory relief are not available remedies under the FDCPA, and (4) to the extent Mr. Brown alleges any conduct that occurred one year before the filing of the Complaint, it is barred by the FDCPA's one-year statute of limitations. (Mot., PageID 13.)

Mr. Brown's response in opposition is difficult to discern. (*See* ECF No. 10.) He argues that the FDCPA does apply to Ascendium "per the Department of Education (DOE) website on student loan default" and that "Defendant has to prove the debt is true, and the Plaintiff considers this debt private debt which has nothing to do with DOE." (*Id.* ¶ 4.) He argues that Ascendium is a debt collector "per its request for treasury offset." (*Id.* ¶ 11.) Regarding the skull injury, he says that "the Defendant entered the Plaintiff's hotel room in São Paulo, Brazil on April 9th 2024 and injured the Plaintiff." (*Id.* ¶ 9.)

Congress passed the FDCPA to protect consumers and eliminate abusive debt collection practices. 15 U.S.C. § 1692(e). To prevail on an FDCPA claim a plaintiff must prove that: (1) he is a consumer as defined by the FDCPA, (2) the debt arises out of transactions that are primarily for personal, family, or household purposes, (3) the defendant is a debt collector as defined by the FDCPA and, (4) the defendant engaged in an act prohibited by the FDCPA. *Smith v. Nationstar Mortg., LLC*, 756 F. App'x 532, 535 (6th Cir. 2018). Ascendium argues that Mr. Brown's Complaint fails under prongs three and four. (Mot., PageID 16.) Specifically, Ascendium argues that it is not a debt collector as defined by the FDCPA and thus, cannot be liable under the FDCPA. (*Id.*)

Under the FDCPA, a "debt collector" is "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA excludes, however, "any person collecting or attempting to collect any debt owed or due . . . to the extent such activity . . . is incidental to a bona fide fiduciary obligation." 15 U.S.C. § 1692a(6)(F)(i). As such, there are two requirements to satisfy this fiduciary exception: (1) the entity must have a fiduciary obligation and (2) the entity's collection activity must be incidental to its fiduciary obligation. *Rowe v Educ. Credit*

*Mgmt. Corp.*, 559 F.3d 1028, 1032 (9th Cir. 2009); *Rainey v Educ. Credit Mgmt. Corp.*, No. 14-cv-14210, 2016 WL 1594378, at *3 (E.D. Mich. Apr. 21, 2016).

Guaranty agencies administer FFELP loans under the Higher Education Act of 1965, 20 U.S.C. § 1071, *et seq.*, by operating as intermediaries between lenders and the Department of Education ("DOE"). *Lima v U.S. Dep't of Educ.*, 947 F.3d 1122, 1124 (9th Cir. 2020); *see generally* 34 C.F.R. §§ 682.400–682.424. If a lender is unsuccessful in collecting a debt, the guaranty agency steps in as the guarantor—it pays the lender and undertakes certain "due diligence" activities such as locating the borrower, offsetting tax refunds, initiating garnishment proceedings, and filing suit against the borrower. *Rowe*, 559 F.3d at 1030 (citing 34 C.F.R. § 682.410(b)(6)(i)–(iv)). In exchange, the guaranty agency may recover some or all of its losses from the DOE. *Id.* (citing 20 U.S.C. § 1078(c) and 34 C.F.R. § 682.410).

Multiple courts have found that guaranty agencies satisfy the FDCPA fiduciary exception. *E.g.*, *Rainey*, 2016 WL 1594378, at *3–4; *Lima*, 947 F.3d at 1127; *Bennett v. Premiere Credit of N. Am., LLC.*, 504 F. App'x 872, 878 (11th Cir. 2013). These courts have recognized that guaranty agencies maintain a fiduciary relationship with the DOE, *see Bennett*, 504 F. App'x at 876 (citing 34 C.F.R. § 682.419(a)), and that their collection activities are incidental to that fiduciary obligation, *see Lima*, 947 F.3d at 1127; *Rainey*, 2016 WL 1594378, at *3–4. As the Ninth Circuit explained, debt collection is not "central to" a guaranty agency's fiduciary relationship when the guaranty agency administers and guarantees FFELP loans under on behalf of the DOE. *Lima*, 947 F.3d at 1127; *Rowe*, 559 F.3d at 1035. By contrast, if a guaranty agency's sole function is to collect a debt on behalf of a third party, as opposed to a guarantor, those collection activities are not incidental to its fiduciary obligations, and the

FDCPA applies. *Lima*, 947 F.3d at 1127; *Rowe*, 559 F.3d at 1035; *Rainey*, 2016 WL 1594378, at *3.

Here, Ascendium's letter to Mr. Brown stated that it is "acting as a guarantor on behalf of the U.S. Department of Education." (Compl., Ex. 1, PageID 6.) The Complaint alleges that Ascendium funds student loans and Mr. Brown borrowed such a loan from Ascendium. (Compl., ¶¶ 2–3.) The Complaint does not allege that the Ascendum's sole function is to collect the debt. And, because Ascendium was acting in its capacity as a guaranty agency on behalf of the DOE, rather than collecting a debt on behalf of a third-party, its collection efforts were incidental to its fiduciary obligation to the DOE and thus, fall outside the scope of the FDCPA.

In his opposition, Mr. Brown makes unsubstantiated arguments that Ascendium is a debt collector and the FDCPA applies. Specifically, he asserts that the FDCPA applies to Ascendium per the DOE website (ECF No. 10, ¶ 4); Ascendium is a debt collector because of its request for treasury offset (*id.* ¶ 11); and Ascendium's fiduciary relationship with DOE is "squashed" because his debt is a "private debt" because he attended a private university (*id.* ¶¶ 4, 14). Mr. Brown cites no legal authority that supports these arguments, nor does he address the FDCPA fiduciary exception and the cases recognizing that guaranty agencies fall within that exception. He likewise alleges no facts in the Complaint that would take Ascendium's collection activities outside the exception. Accordingly, Mr. Brown's assertions do not change the conclusion that Ascendium is not a debt collector.

Even if Ascendium was a debt collector subject to the FDCPA, Mr. Brown's Complaint fails to sufficiently plead an FDCPA claim. His conclusory allegations that "the debt is false" (ECF No. 1, ¶ 4) do not satisfy the pleading requirements of Rule 8(a). *See Ashcroft*, 556 U.S. at 678 (stating that a complaint will not "suffice if it tenders naked assertions devoid of further

factual enhancement") (citation modified). Likewise, his allegations of a head injury fail. He provides no facts that plausibly establish those claims.

Because the Court finds that Ascendium is not a debt collector and, even if it were, Mr. Brown does not plausibly allege a claim, the Court need not consider Ascendium's remaining arguments.

**CONCLUSION**

For the reasons stated above, (ECF No. 4) Defendant Ascendium Education Solutions, Inc.'s Motion to Dismiss is **GRANTED**. Mr. Brown's Complaint is **DISMISSED with prejudice**. Additionally, (ECF No. 7) Plaintiff Andrew Brown's Motion for Temporary Stay of Debt is **DENIED as moot**.

The Clerk is **DIRECTED** to enter judgment and terminate this case on the docket.

**IT IS SO ORDERED.**

**8/26/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**